**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4914**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

LUIS HERIBERTO MENDEZ-REYES, a/k/a Chrstian Torres, a/k/a
Luis N. Reyes, a/k/a Luis H. Reyes, a/k/a Luis Mendez, a/k/a
Luis Reyes, a/k/a Christian Torres, a/k/a Joaquin Andrades
Mendes, a/k/a Luis Torres,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Claude M. Hilton, Senior
District Judge. (1:10-cr-00090-CMH-1)

Submitted: May 23, 2011　　　　　　　　Decided: May 27, 2011

Before KING, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Geremy Kamens,
Assistant Federal Public Defender, Caroline S. Platt, Research
and Writing Attorney, Alexandria, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, Kondi J. Kleinman,
Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Heriberto Mendez-Reyes, a citizen of El Salvador, pled guilty without a plea agreement to illegally reentering the United States subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a),(b) (2006), and was sentenced to a within-Guidelines sentence of thirty-six months in prison. Mendez-Reyes claims on appeal that his sentence is unreasonable because the district court failed to adequately explain the reasons behind the chosen sentence and failed to address his argument for a downward variance. Finding no error, we affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006), factors, analyzed any arguments presented by the

2

parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Where, as here, the district court imposes a within-Guidelines sentence, the explanation may be "less extensive, while still individualized." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). However, that explanation must be sufficient to allow for "meaningful appellate review" such that the appellate court need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30 (internal quotation marks omitted). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). With regard to a sentence within the Guidelines range, "[g]enerally, an adequate explanation . . . is provided when the district court indicates that it is "rest[ing] [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." United States v. Hernandez,

3

603 F.3d 267, 271 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 357 (2007)).

Mendez-Reyes does not dispute that the district court properly calculated his Guidelines range under the advisory Guidelines. Rather, he argues that the district court failed to explain its reasons for the particular sentence it imposed and failed to address his primary argument for a downward variance sentence — the unwarranted sentencing disparity between the "fast-track" districts and "non-fast-track" districts (including the Eastern District of Virginia).

We have reviewed the transcript of Mendez-Reyes' sentencing hearing and find that the district court adequately explained the within-Guidelines sentence chosen for Mendez-Reyes. Nor is Mendez-Reyes' sentence unreasonable because the district court failed to address his argument regarding the sentencing disparity between "fast-track" and "non-fast-track" districts. First, Mendez-Reyes would not qualify for the fast-track program, even if one existed in the Eastern District of Virginia, because he did not enter into a plea agreement and waive his rights to file pretrial motions, to appeal, and to challenge his conviction under 28 U.S.C. § 2255. See United States v. Perez-Pena, 453 F.3d 236, 238 (4th Cir. 2006). Moreover, this court has found that disparities between fast-

4

track and non-fast-track sentences are not "unwarranted" sentencing disparities.  Id. at 244.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED